■ In the Matter of ALEXANDER V. CAVALLARI, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.— This is a proceeding to discipline an attorney. Respondent was admitted to the Bar by the Appellate Division, First Judicial Department, on June 27, 1939. On May 29, 1967 this court referred the issues raised by the petition and the answer to a Justice of the Supreme Court for hearing and report. Such hearing was conducted on June 13, 1967 and June 21, 1967. On the latter date, petitioner concluded his presentation of proof on all the charges in the petition, whereupon respondent announced, in open court, that he would present no opposition and that he was offering to resign from the Bar, with full knowledge of the charges and of the proof which had

been adduced. Thereafter, on October 9, 1967, said Justice submitted his written report, dated October 2, 1967, to this court. Petitioner now moves to confirm the report. The charges, labeled A to H, inclusive, in the petition, are as follows: *A-D, inclusive*: Respondent, with respect to serving as attorney for the executor of a decedent's estate, forged the executor's signature as maker of about 46 checks totaling more than $25,000 and converted the proceeds thereof to his own use between June 3, 1964 and January 6, 1966; and thereafter, on behalf of the executor, knowingly filed an account which contained false statements as to the assets of the estate on hand. *E:* With respect to the same estate, respondent neglected to prepare and commence proceedings under the Tax Law and failed to prepare a true account of the executor's proceedings. *F:* In serving as attorney for the fiduciary in another decedent's estate, respondent similarly neglected to prepare and commence proceedings under the Tax Law, thereby causing substantial penalties and interest to be assessed against the estate. *G and H:* Respondent induced his client, .the fiduciary of a third decedent's estate, to give him a power of attorney to draw checks on the fiduciary's bank account and, between June 1, 1960 and January 31, 1961, issued numerous checks upon the account, totaling more than $11,000, and converted the proceeds to his own use; and he failed and refused to account to this fiduciary for these checks. Respondent's resignation from the Bar is accepted. Under the circumstances, it is unnecessary to pass on the motion to confirm the report. Upon the basis of the resignation, it is ordered that respondent's name be struck from the roll of attorneys and counselors at law, effective forthwith. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.